■ In the Matter of 1068 FIRST AVE. REST. CORP., Appellant, v. STATE LIQUOR AUTHORITY, Respondent.— Determination and order of the State Liquor Authority, dated July 29, 1965, canceling petitioner-appellant's restaurant liquor license, unanimously annulled, on the law and in the exercise of discretion, without costs or disbursements to either side, and the matter is remanded for reassessment of the severity of the sanction in light of the changed ownership of the licensee corporation subsequent to prior offenses considered in imposing the cancellation. The present proceeding involved two charges, one of which related to an offense committed before the present owners of the corporate licensee were in possession. In imposing the penalty of cancellation, the Authority took into consideration not only this, but other prior offenses with which the corporate licensee under other owners had been charged. However, there was no showing in the Authority's findings that any of these prior offenses were in any way relevant to the readiness, willingness, or ability of the new owners of the corporation to operate within the requirements of the law. Nor was any relation or connection shown between the present and the prior owners of the corporation. Particularly where small, closely held corporations are involved, the mere general continuity of corporate liability is not a meaningful base, without more, on which to predicate such drastic punishment of an entirely new and different ownership and management. To do so is to impute a reality to the corporate form it does not possess. The legal fiction may be useful, and to that extent, meaningful, where pecuniary liabilities alone are involved, or property rights, and the like, but hardly so where the responsibility, with the correlative aspect of culpability, for past, present and future conduct is being assessed. This is not to say that a change of internal ownership of a corporation necessarily precludes the Authority from taking prior offenses into account in assessing a penalty or imposing a sanction. There may be a variety of valid reasons for considering prior offenses. To illustrate, certain employees directly responsible for the earlier offenses may have been retained by the new owners. Nevertheless, where such prior offenses are being considered, the reasons for so doing should be made explicit to avoid any appearance of purposeless, and therefore irrational, imposition of penalty. There is sufficient evidence, if believed, to support the Authority's findings that the licensee, under its present ownership, violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law. No opinion is expressed as to the propriety of any sanction. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ THOMAS NELSON AND SONS et al., Appellants, v. HARPER AND ROW, PUBLISHERS, INC., et al., Respondents.— Order, entered on October 4, 1965, dismissing as moot the application of appellants Thomas Nelson & Sons and Thomas Nelson & Sons, Ltd., for a stay of arbitration, unanimously reversed, on the law and on the facts, without costs or without disbursements, and the application granted to the extent of staying the arbitration as against said appellants only. After the stay application was made, respondents conceded that appellants were not required to arbitrate with them. However, appellants were two of the parties to whom the demand for arbitration was addressed, and they are entitled to the protection of a judicial determination that respondents may not demand arbitration of them. Settle order on notice. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.